UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   23-01001 (UNA) |
| | ) | |
| | ) | |
| SUSAN D. ELLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, an inmate at the District of Columbia Jail, has sued an attorney in the District of Columbia for legal malpractice. The complaint arises from Defendant's representation of Plaintiff in D.C. Superior Court. *See* Compl. at 1-2. For this Court to exercise jurisdiction, the complaint "must meet the standards of diversity." *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990). Plaintiff has not met his burden "to allege the domicile and citizenship of the parties." *Id*. Therefore, this case will be dismissed by separate order.

Date: June 7, 2023

_____
TREVOR N. McFADDEN
United States District Judge